UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EARL LAWRENCE NEW,

    Plaintiff,

v.

STEPHEN SHELTON, M.D., DAN DEWSNUP, M.D., JO ELLIOT-BLAESLEE, and A. HUGHES, R.N.,

    Defendants.

Case No. 2:12-cv-01726-SI

ORDER

SIMON, District Judge.

    Plaintiff filed this action pursuant to 42 U.S.C. § 1983. On November 8, 2012, he filed an amended complaint alleging the defendants showed a gross indifference to a serious medical need in refusing to send him to Oregon Health Sciences University ("OHSU") for a comprehensive liver transplant evaluation, in violation of his Eighth Amendment rights. On December 5, 2012, Plaintiff filed a *pro se* motion for preliminary injunction seeking an order compelling the Oregon Department of Corrections ("ODOC") "to

1 - ORDER

transport the plaintiff to Oregon Health Sciences University (OHSU) for evaluation for a liver transplant." (#18.) He alleged "OHSU has provided documen[ta]tion that the plaintiff is a completely eligible and meets all the criter[i]a of having said transplant performed. An evaluation needs to be performed by OHSU to confirm that the plaintiff is eligible and has the proper meld scoring liver count." (*Id.*) On March 11, 2013, the Court granted the parties Joint Motion for Order Staying Consideration of Plaintiff's Motion for Preliminary Injunction (#59) pending a determination by OHSU as to whether ODOC should send Plaintiff to OHSU for a four-day outpatient evaluation. Oregon Health Sciences University has made a determination, and the Motion for Preliminary Injunction is now before the Court.

## STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (internal quotation marks and citation omitted). A preliminary injunction "should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original and citation omitted). A request for a mandatory injunction seeking relief well beyond the

2 - ORDER

status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The Ninth Circuit has "glossed that standard by adding that there is a sliding scale approach which allows a plaintiff to obtain an injunction where he has only shown serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Developmental Serv. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011) (internal quotation marks and citations omitted).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements when inmates seek a preliminary injunction against prison officials.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect

3 - ORDER

the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). The Court's equitable jurisdiction is thus restricted and the Court may not bind prison officials to do more than the constitutional minimum. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000).

DISCUSSION

This case involves decisions as to the medical care of a plaintiff with end-stage liver disease arising from Hepatitis C and cirrhosis, who wants to be placed on the liver transplant list. Plaintiff seeks an order requiring that the ODOC transport him to OHSU for a four-day transplant evaluation, alleging the ODOC's failure to do so has caused him to lose time and credit on the transplant list for the days when his MELD score was 15.[1] (#67.) For the reasons that follow, the Court finds Plaintiff has not made a clear showing that the facts and the law favor granting a mandatory injunction that goes well beyond maintaining the status quo.

Irreparable Harm

---

[1] MELD scores are calculated based on a patient's creatinine, total bilirubin, and INR lab values. (#37, Ex. 7 at 2.) Generally, patients with liver failure are prioritized on the transplant list according to their MELD scores; those having the highest MELD scores being at the top of the transplant list. (*Id.*) MELD scores may change, and a patient's position on the transplant list will vary according to their MELD score and the MELD score of others on the list. (*Id.*)

4 - ORDER

Plaintiff claims he has suffered irreparable injury based on the fact his MELD score reached 15 during a hospitalization in January 2013, that a score of 15 is one of the thresholds for consideration for the four-day transplant evaluation at OHSU, and that his opportunity to receive credit for time on the transplant list with a MELD of 15 is forever lost. (#67.) Factors other than the MELD score, however, are also taken into consideration in the eligibility determination for the four-day evaluation and, more fundamentally, eligibility for a four-day evaluation does not guarantee that a patient will be placed on the transplant list. (#37, Ex. 7, at 3.) Furthermore, MELD scores are variable and a patient's place on the transplant list may change, not only with a change in their own MELD score but with changes in the scores of other patients on the list. Therefore, Plaintiff's claim that he has been denied time and credit on the transplant list that he otherwise would have received had he been referred for a four-day evaluation when his MELD score was 15 is speculative.

*Likelihood of Success on the Merits*

The record shows that Plaintiff's MELD scores have fluctuated, that ODOC is monitoring Plaintiff's lab results, and that ODOC has previously discussed Plaintiff's candidacy for evaluation with OHSU. (#58, at 3-4.) The record also shows Plaintiff's medical information was forwarded to the OHSU transplant team and received on April 10, 2013. (#64, Ex. 1.) Based on the information

5 - ORDER

provided by ODOC, the transplant team determined that, per its transplant policy, it was too early for a transplant evaluation. (*Id.*, Ex. 2.) Plaintiff contends that because his January 2013 lab results were more favorable to receiving an evaluation the ODOC is not acting in good faith by sending OHSU lab results from March 2013. (#64, Ex. 3.) The Court notes, however, that Plaintiff's motion for preliminary injunction was filed when Plaintiff's MELD score was less favorable. Furthermore, ODOC physicians manage referrals to OHSU based on the OHSU protocol. (#58.) OHSU made its determination regarding transplant evaluation based on Plaintiff's most recent lab results, according to its protocol. These facts weigh against finding that Plaintiff is likely to prevail on the merits of his claims.

Conclusion

Plaintiff's the Motion for Preliminary Injunction [18] is DENIED.

IT IS SO ORDERED.

DATED this 29th day of July, 2013.

Michael H. Simon
United States District Judge

6 - ORDER